UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PRISCILLA STUART BARDES ESTATE,

Plaintiff

v.

QUALITY LOAN SERVICE, CORP., et al.,

Defendants

Case No.: 2:19-cv-00836-APG-BNW

**Order Dismissing Complaint and Granting Leave to Amend**

Priscilla Stuart Bardes Estate filed a document entitled "Praecipe for Personal Summons Extraordinary Writ of Execution Involuntary Bankruptcy Foreign Proceedings, Action, Statement of Claim & Clerk(s) Notice." ECF No. 1. This was originally docketed as a miscellaneous action and the plaintiff paid the $47.00 fee for that type of action. ECF Nos. 1-2; 6. The plaintiff more recently filed a "Declaration of Unlawful Foreclosure, Misprision of Felony & Treason, Probate, Breach of Contract, Defendant(s)' Court Order(s) & Subpoena(s) & Notice to Clerk(s) & Bar Clerk(s) & statement of Claim(s), Tax Claim & Liquidation." ECF No. 9.

It is unclear what the plaintiff is attempting to do through the either of these documents, but I liberally construe them as attempts at filing a complaint in a civil action. As such, these documents do not comply with Federal Rules of Civil Procedure 2, 3, or 8. Neither is styled as a complaint, and they do not contain "(1) a short and plain statement of the grounds for the court's jurisdiction," "(2) a short and plain statement of the claim showing that the pleader is entitled to relief," and "(3) a demand for the relief sought." Fed. R. Civ. P. 8(a). Moreover, although this

case originally was filed as a miscellaneous case, the plaintiff must pay the difference between the $47.00 fee and the $400.00 filing fee for a civil action.

I therefore dismiss the "Praecipe" and "Declaration" without prejudice. I grant leave to file an amended complaint and to pay the balance of the filing fee. The amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court. The plaintiff is advised to support each claim with factual allegations because all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). When claims are alleged against multiple defendants, the complaint should clearly indicate which claims apply to which defendant. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995). The plaintiff should specifically identify each defendant and support each claim with factual allegations about each defendant's actions. Where multiple claims are alleged, the complaint should identify which factual allegations give rise to each particular claim. The plaintiff should be aware that Federal Rule of Civil Procedure 8 requires "a short and plain statement of the claim." Thus, the amended complaint should not include lengthy repetitions of statutes, rules, and filings in other cases. *See, e.g.*, ECF No. 1 at 25-28, 32, 35.

IT IS THEREFORE ORDERED that the "Praecipe" **(ECF No. 1)** and "Declaration" **(ECF No. 9) are DISMISSED without prejudice**.

IT IS FURTHER ORDERED that on or before June 21, 2019, the plaintiff may file an amended complaint that complies with Federal Rule of Civil Procedure 8.

IT IS FURTHER ORDERED that if the plaintiff chooses to file an amended complaint, the plaintiff must also pay $353 as the balance due on the filing fee for a civil action.

IT IS FURTHER ORDERED that if the plaintiff does not file an amended complaint and pay the balance of the filing fee by June 21, 2019, this case will be closed.

IT IS FURTHER ORDERED that defendant Specialized Loan Servicing's motions for extension of time and for clarification **(ECF Nos. 5, 10) are DENIED as moot**.

DATED this 5th day of June, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE